CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
DS Rendite-Fonds Nr. 62 MS Cape Cook GmbH & Co. Containerschiff KG
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DS RENDITE-FONDS NR. 62 MS CAPE COOK
GMBH & CO. CONTAINERSCHIFF KG,

                        Plaintiff,

                        07 CV 3822 (RJH)

    v.

                        **FIRST AMENDED**
FAIRWIND SHIPPING COMPANY LIMITED,      **VERIFIED COMPLAINT**
FAIRWIND NAVIGATION CO., and
FAIRWIND (HOLDINGS) LIMITED,

                        Defendants.
------------------------------------------------------------X

      Plaintiff DS Rendite-Fonds Nr. 62 MS Cape Cook GmbH & Co. Containerschiff KG, (hereinafter "RENDITE"), by its attorneys, as and for its Verified Complaint against the Defendants, FAIRWIND SHIPPING COMPANY LIMITED (hereinafter "FAIRWIND SHIPPING"), FAIRWIND NAVIGATION CO. (hereinafter "FAIRWIND NAVIGATION"), and FAIRWIND (HOLDINGS) LIMITED (hereinafter "FAIRWIND HOLDINGS"), alleges upon information and belief as follows:

## JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2.  At all times material hereto, Plaintiff RENDITE was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place of business in Dortmund, Germany.

3.  The plaintiff is engaged in business as an owner or time chartered owner of ocean vessels pursuant to which it transports ocean cargo in exchange for payments of hire or freight.

4.  At all times material hereto, Defendant FAIRWIND SHIPPING was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with an office and principal place business at 15th Floor, Seaview Commercial Building, 21-24 Connaught Road West, Hong Kong, P.R. China.

5.  The Defendant FAIRWIND SHIPPING is engaged in business as a carrier of cargo by ocean vessels.

6.  Defendant FAIRWIND NAVIGATION was and still is a foreign a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Hong Kong, P.R. China with the same business address as Defendant FAIRWIND SHIPPING, to whit, 15th Floor, Seaview Commercial Building, 21-24 Connaught Road West, Hong Kong, P.R. China.

7. Defendant FAIRWIND NAVIGATION is a subsidiary, affiliate, agent and/or alter-ego of Defendant FAIRWIND SHIPPING.

8. Defendant FAIRWIND HOLDINGS was and still is a foreign a foreign corporation or other business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business in Hong Kong, P.R. China with the same business address as Defendant FAIRWIND SHIPPING, to whit, 15th Floor, Seaview Commercial Building, 21-24 Connaught Road West, Hong Kong, P.R. China.

9. Defendant FAIRWIND HOLDINGS is a subsidiary, affiliate, agent and/or alter-ego of Defendant FAIRWIND SHIPPING.

FIRST CAUSE OF ACTION
FOR BREACH OF MARITIME CONTRACT

6. On October 30, 2006, RENDITE, as owner, entered into a maritime contract with FAIRWIND, as charterer, whereby RENDITE's vessel, the M/V CAPE COOK, was hired for a time charter, of minimum 11months/maximum 12 months, to carry ocean cargo shipped by FAIRWIND SHIPPING in exchange for payments of hire.

7. This contract between RENDITE and FAIRWIND SHIPPING is a maritime contract made out on a New York Produce Exchange form with annexed Rider Clauses (hereinafter referred collectively as the "Maritime Contract").

8. Pursuant to the terms and conditions of this maritime contract, the M/V CAPE COOK was delivered to FAIRWIND SHIPPING in accordance with the Maritime Contract.

9. Under Clause 51 of the Maritime Contract any disputes arising between the parties are to be governed by English law and shall be referred to arbitration in Hong Kong to be conducted in accordance with the London Maritime Arbitration Association Terms.

10. In accordance with Clause 4 of the Maritime Contract, Defendant FAIRWIND SHIPPING was obligated to pay hire at the rate of $10,550 per day, pro rata, payable every fifteen (15) days in advance.

11. Defendant FAIRWIND SHIPPING is in breach of its obligations under the Maritime Contract because it failed to pay hire since April 7, 2007.

12. As of this date, Defendant FAIRWIND SHIPPING has failed to pay hire on April 7, 2007, April 22, 2007 and May 7, 2007, and, therefore, RENDITE has a maritime claim against FAIRWIND for the principal sum of $474,750.00.

AS AND FOR A CAUSE OF ACTION
AGAINST FAIRWIND NAVIGATION COMPANY AND FAIRWIND
(HOLDINGS) LIMITED

13. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "12" of the Amended Complaint as set forth at length herein.

14. At all material times, there existed such unity of ownership and interest between Defendant FAIRWIND SHIPPING and Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS that no separation exists between them and the corporate form of Defendant FAIRWIND SHIPPING has been disregarded such that Defendant FAIRWIND SHIPPING primarily transacted the business of Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS, and, therefore, they are the alter-egos of each other.

15. At all material times, Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS chartered the M/V CAPE COOK in the name of Defendant FAIRWIND SHIPPING such the Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS were the charterers of the M//V CAPE COOK.

16. At all material times, Defendant FAIRWIND SHIPPING and Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS have overlapping ownership, management, personnel and purposes such that Defendant FAIRWIND SHIPPING and Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS did not and do not operate at arms length.

17. At all material times, Defendant FAIRWIND SHIPPING and Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS have had common addresses, common contact information such that the Defendant FAIRWIND SHIPPING had no independent corporate identity from the Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS.

18. At all material times, there has been an intermingling of funds between Defendant FAIRWIND SHIPPING and Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS.

19. At all material times, Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS have dominated, controlled and used the Defendant FAIRWIND SHIPPING for their own purposes such that there is no meaningful difference between the several entities.

20. At all material times, Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS have disregarded the corporate form of Defendant FAIRWIND SHIPPING to the extent that Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS were actually carrying on FAIRWIND SHIPPING's business and operations as if the same were their own, or vice versa.

21. There are reasonable grounds to conclude that the Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS are the alter-egos of Defendant

FAIRWIND SHIPPING and, therefore, Plaintiff RENDITE has a valid prima facie *in personam* claim against Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS based upon alter ego liability.

22. Upon information and belief, Defendant FAIRWIND SHIPPING utilizes the Defendants FAIRWIND NAVIGATION and FAIRWIND HOLDINGS to transfer funds through, to and from the Southern District of New York on its behalf.

## PRAYER FOR RELIEF

23. Notwithstanding the fact that the liability of the Defendants is subject to determination by arbitration in Hong Kong, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District and held by various parties, as garnishees.

24. Plaintiff RENDITE believes that some of these assets, to wit: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments to or from owners of vessels in U.S. dollars, or other charterers or shippers of cargo, and Defendants; and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks are located in this District in the possession of garnishees, including American Express Bank, Ltd., Bank of America, Bank of China, Bank of New York, Barclays Bank, Citibank N.A., Deutsche Bank, HSBC (USA), JP

Morgan Chase Bank N.A., Standard Chartered Bank, Wachovia Bank, and possibly other banks or financial institutions located in New York.

25. As set forth in the accompanying affidavit of Owen F. Duffy, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

26. Because this Amended Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendants so that an eventual judgment and/or award can be satisfied.

27. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment over an additional sum to cover awardable attorneys' fees and costs which are recoverable in arbitration pursuant to the London Maritime Arbitration Association's rules.

28.  Plaintiff's aggregate claim against the Defendants amounts to US$574,750, which is comprised of the US$474,750.00 for the principal claim, and estimated awardable interest and estimated awardable costs of bringing the underlying claim under the Maritime Contract to arbitration in the amount of US $100,000.00

WHEREFORE, Plaintiff prays as follows:

A.  That the Defendants be summoned to appear and answer this Amended Verified Complaint;

B.  That the Defendants not being found within this District, as set forth in the Affidavit of Owen F. Duffy, then all of their assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $574,750.00, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

    D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       May 22, 2007

                        CHALOS, O'CONNOR & DUFFY, LLP
                        Attorneys for Plaintiff

By: _____
     Owen F. Duffy (OD-3144)
     George E. Murray (GM-4172)
     366 Main Street
     Port Washington, New York 11050
     Tel: (516) 767-3600
     Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
DS Rendite-Fonds Nr. 62 MS Cape Cook GmbH & Co. Containerschiff KG
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DS RENDITE-FONDS NR. 62 MS CAPE COOK
GMBH & CO. CONTAINERSCHIFF KG,

                      Plaintiff,

                      07 CV 3822 (RJH)

      v.

**VERIFICATION**

FAIRWIND SHIPPING COMPANY LIMITED,
FAIRWIND NAVIGATION CO., and
FAIRWIND (HOLDINGS) LIMITED,

                    Defendants.
------------------------------------------------------------X

STATE OF NEW YORK    :
                           : ss.
COUNTY OF NASSAU   :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.      That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, DS Rendite-Fonds Nr. 62 MS Cape Cook GmbH & Co. Containerschiff KG, herein;

      2.      That he has read the foregoing complaint and knows the contents thereof; and

      3.      That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
May 22, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
May 22, 2007

_____
Notary Public, State of New York

**GEORGE E. MURRAY**
**Notary Public, State of New York**
**No. 02MU6108120**
**Qualified in New York County**
**Commission Expires April 12, 2008**

2